IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TREMAINE DAVIS,

    Plaintiff,

v.

CURTIS WHITFIELD; and STANLEY
WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-60

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Valdosta State Prison in Valdosta, Georgia, brought this Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Smith State Prison in Reidsville, Georgia. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims.[1] Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. Of Elec. Workers Local Union, 349, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND[2]

Plaintiff alleges that on July 3, 2012, while he was housed at Smith State Prison, Defendant Curtis Whitfield, a CERT Team Officer at the Prison, used excessive force against him. (Id. at p. 5.) He alleges that Defendant Whitfield ordered Plaintiff and his cellmate to the ground in their cell after the cellmates had a physical altercation. Id. Plaintiff claims that Defendant Whitfield cursed at Plaintiff to get down and then struck Plaintiff in the back of the head with a metal riot asp. Id. Plaintiff states that Whitfield continued to hit and kick Plaintiff and his roommate. Id. Another officer eventually joined Whitfield in beating Plaintiff though Plaintiff could not identify the other officer due to the mace sprayed in Plaintiff's eyes. Id.

As a result of the beating, Plaintiff was sent to a local hospital where he received ten stitches in the back of his head. (Id. at p. 6.) He was then sent back to the prison and "a few days later" he "did the grievance process." Id. Plaintiff states that he filed an informal grievance on July 5, 2012 which was referred to Inmate Affairs, and he filed a formal grievance on July 12, 2012. (Id. at p. 3.)

Plaintiff transferred to another prison following the grievance process. Through several transfers, Defendant Whitfield's beating of Plaintiff has caused Plaintiff to suffer nightmares and depression. (Id. at pp. 6-7.) Plaintiff has attempted suicide on several occasions which he attributes to Defendant Whitfield's actions. Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows

---

[2] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

## DISCUSSION

### I.  Official Capacity Claims

Plaintiff cannot sustain a Section 1983 claim against Defendants in their official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real

4

party in interest in a suit against Defendants in their official capacity as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes Defendants from suit in their official capacity. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacity; and, therefore, the Court should **DISMISS** all official capacity claims.

## II. Supervisory Liability Claims

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[3] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff wishes to hold Defendant Williams liable based solely on his position as the Warden of Smith State Prison. (Doc. 1, p. 5.) His only mention of Defendant Williams in his statement of claims is that Defendant Whitfield was "under the supervision of" Defendant

---

[3] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir.1992).

5

Williams at the time of the beating. Id. As set forth above, such supervisory allegations are an insufficient basis for Section 1983 liability. Plaintiff has not established that Defendant Williams had any personal involvement in the violation of his constitutional rights or that there is any causal connection between his conduct and the violation. Therefore, the Court should **DISMISS** all claims against Defendant Williams.

### III. Untimeliness of Plaintiff's Claims

Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). In states where more than one statute of limitations exists, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar. Moore v. Chamberlain, 559 F. App'x 969, 970 (11th Cir. 2014).'") (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir.2003)).

Plaintiff signed his Complaint on May 19, 2015, and it was filed in this Court on June 5, 2015. (Doc. 1, p. 8.) Thus, given the two years limitation period, the operative date for assessing

the timeliness of Plaintiff's Complaint is May 19, 2013. Any claims that accrued before that date (or for which the statute of limitations was not tolled until at least that date), are untimely.

Plaintiff was aware of the facts giving rise to his claims on July 3, 2012, the date that Whitfield allegedly used excessive force against him. (Id. at p. 5.). Of course, this is well before the operative date of May 19, 2013. Thus, on its face, Plaintiff's claims are untimely.

The Court notes Plaintiff's assertion that he filed an informal and formal grievance, which could serve to toll the statute of limitations period. In Leal v. Ga. Dep't of Corr., 254 F.3d 1276 (11th Cir. 2001), the Eleventh Circuit Court of Appeals "decline[d] to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d at 1280. Georgia law does not permit tolling and the Eleventh Circuit has not addressed this issue directly. Walker v. United States, 196 F. App'x 774, 777 (11th Cir. 2006) ("We have declined to decide whether the statute of limitations is tolled in a § 1983 case while a petitioner is pursuing administrative remedies."). However, I conclude, as have several Courts of Appeals, that tolling should apply. Nickolich v. Rowe, 299 F. App'x 725, 725-26 (9th Cir. 2008) (given California's two-year statute of limitations, a state prisoner's Section 1983 deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (a federal court relying on the Illinois statute of limitations in a Section 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (tolling is appropriate while prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d

153, 157–59 (5th Cir. 1999) (same); see also Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring case back to magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372 (CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that Eleventh Circuit has not adopted rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations). Accordingly, the applicable statute of limitations period was tolled while Plaintiff pursued his administrative remedies, which was a prerequisite to filing suit because he is imprisoned.

Nonetheless, there is nothing before the Court which indicates that the exhaustion of Plaintiff's administrative remedies took until May 19, 2013, to render this cause of action timely filed. Hughes, 350 F.3d at 1163 ("[Plaintiff], unlike Leal, has pointed us to no particular reason why the statute of limitations might be tolled in his case, and we can discern none from the record."). Indeed, Plaintiff states that his last action regarding his grievance took place on July 12, 2012. (Doc. 1, p. 3.)

For these reasons, the statute of limitations on Plaintiff's claims had long expired prior to Plaintiff filing this lawsuit. It appears beyond a doubt from the complaint itself that Plaintiff can prove no set of facts which would avoid a statute of limitations bar. Consequently, the Court should **DISMISS** this action.

## IV.    **Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[4] A certificate of appealablity is not required in this Section 1983 action.

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim and **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA